**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MARY ALLEN, JOSEPH COUVILLION, | ) | |
| KESHA MEGAN JACKSON, ASHLEY | ) | |
| KIRBY, KATY POLANCO, ELIZABETH | ) | |
| POWERS, and WILLIAM STOVER, | ) | |
| Plaintiffs, | ) | CASE NO.: |
| | ) | _____ |
| vs. | ) | |
| | ) | |
| MIKE THE MECHANIC, INC., | ) | |
| MIKE THE MECHANIC - ROSWELL, INC. | ) | |
| MIKE THE MECHANIC – TOWNE LAKE, INC. | ) | |
| MIKE THE MECHANIC - KENNESAW INC. | ) | |
| Mike The Mechanic - Holly Springs, Inc. | ) | |
| Mike the Mechanic - Barrett Parkway, Inc., and | ) | |
| MICHAEL A. PECORARO | ) | |
| Defendants, | ) | |

<u>COMPLAINT</u>
*{Jury Trial Demanded}*

Comes Now Plaintiffs, Mary Allen, Joseph Couvillion, Kesha Megan Jackson,

Ashley Kirby, Katy Polanco,  Elizabeth Powers, and  William Stover

(collectively "Plaintiffs") by and  through their undersigned counsel, and

brings this action against the Defendants Mike the Mechanic, Inc., Mike the

Mechanic - Roswell, Inc.,  Mike the Mechanic – Towne Lake, Inc.,  Mike the

Mechanic - Kennesaw, Inc., Mike the Mechanic – Holly Springs, Inc.,  Mike the

Mechanic - Barrett Parkway, Inc., and Michael E. Pecoraro (collectively

"Defendants") and shows this Court as follows:

1.      This is an action for damages brought under the Fair Labor Standards Act ("FLSA").

2.      Plaintiffs reside in this Court's jurisdiction and are present and past employees of the Defendants.

3.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

4.      The Northern District of Georgia has personal jurisdiction over Defendants because they are doing business in Georgia and in this judicial district and the Plaintiff lives in this judicial district.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

6.      At all times material hereto, the corporate Defendants, were (and still are) Georgia Corporations, was licensed to transact business in the State of Georgia, conducted business in Georgia, were an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged, along with its employees, in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

7.      In furtherance of their employment, Plaintiffs regularly handled goods
        or materials that traveled through interstate commerce, or used
        instrumentalities of interstate commerce, thus providing Plaintiffs with
        the protections of the Fair Labor Standards Act.

### FACTS AS TO PLAINTIFF MARY ALLEN

8.      Plaintiff Mary Allen ("Allen") accepted employment and worked for
        Defendants as an administrative assistant from February 19, 2019
        until February 28, 2019.  Allen's job duties included no managerial
        duties and consisted of administrative tasks.

9.      Allen is considered a non-exempt employee under the Fair Labor
        Standards Act.

10.     Allen's salary at the time of her termination was $40,000.00 per year.
        Plaintiff 6 days of her first work week for a total of 62 hours. Plaintiff
        then worked 20 hours for two additional days the following week and
        then was terminated for no reason.  Defendant deliberately refused to
        pay Allen her overtime pay for those hours over forty per week.  Further,
        Plaintiff was never paid for eight days of work.

11.     The unpaid wages, plus overtime premium total $1759.57.

12.     Allen has complied with all conditions precedent to bringing this suit, or

same have been waived or abandoned.

13.     Allen has retained the services of the undersigned and is obligated to pay for the legal services provided.

## FACTS AS TO PLAINTIFF JOSEPH COUVILLION

14.     Plaintiff Joseph Couvillion ("Couvillion") accepted employment and worked for Defendants as an assistant shop manager from July 28, 2016 until May 1, 2020.  Despite his title, Couvillion's job duties included no managerial duties and consisted of acting as a mechanic and service advisor.

15.     Plaintiff is considered a non-exempt employee under the Fair Labor Standards Act.

16.     From July 28, 2016 until May 1, 2020 Couvillion was paid a salary of $800 a week and worked in excess of 54 hours per week routinely.  Defendant deliberately refused to pay Couvillion his overtime pay for those hours over forty per week.

17.     Defendants compensated Couvillion on a salary basis for all hours worked, regardless of the number of hours worked. This practice did not satisfy the Defendants' overtime obligations to Couvillion. Defendant owes Couvillion $42,840 for overtime pay.

18.     Couvillion has complied with all conditions precedent to bringing this

suit, or same have been waived or abandoned.

19.     Couvillion has retained the services of the undersigned and is obligated to pay for the legal services provided.

**FACTS AS TO PLAINTIFF KESHA MEGAN JACKSON**

20.     Plaintiff Kesha Megan Jackson ("Jackson") accepted employment and worked for Defendants performing various duties including accounts payable and some social media marketing from November 10, 2018 until August 5, 2020.  Jackson's job duties included no managerial duties and consisted solely of administrative tasks.

21.     Jackson was paid a first from Defendant Mike the Mechanic - Kennesaw, Inc., and then was paid from Defendant Mike the Mechanic, Inc.

22.     Jackson performed services for the Defendants at both the Kennesaw, Townelake, and Woodstock, Toonigh Road locations.

23.     Jackson is considered a non-exempt employee under the Fair Labor Standards Act.

24.     Jackson's salary during her employment was $50,000.00 per year at start and then it was raised to $55,000.00 beginning January 1, 2020. Jackson's work schedule was 45 hours per week, plus every other Saturday she was required to a work 6 hours shift.  The overtime hours

she is entitled to be paid for at least 822 hours and is owed for overtime

is $29,633.10.   Defendant deliberately refused to pay Jackson her

overtime pay for those hours over forty per week.

25.      Defendants compensated Jackson on a salary basis for all hours

worked, regardless of the number of hours worked. This practice

did not satisfy the Defendants' overtime obligations to Jackson.

26.      Jackson has complied with all conditions precedent to bringing this suit,

or same have been waived or abandoned.

27.      Jackson has retained the services of the undersigned and is obligated to

pay for the legal services provided.

## FACTS AS TO PLAINTIFF ASHLEY KIRBY

28.      Plaintiff Ashely Kirby ("Kirby") accepted employment and worked for

Defendants from January 3, 2019 until March 19, 2020.  Jackson's job

duties included no managerial duties and consisted of acting as a

receptionist and other administrative tasks.

29.      Kirby is considered a non-exempt employee under the Fair Labor

Standards Act.

30.      Kirby's salary during her employment was $9 per hour at start and then

it was raised to $11 per hour on April 1, 2019.  Kirby's work schedule

was 50 hours per week.  The overtime hours she is entitled to be paid for

is at least $3335.00.  Defendant deliberately refused to pay Kirby her overtime pay for those hours over forty per week.

31.     Kirby has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

32.     Kirby has retained the services of the undersigned and is obligated to pay for the legal services provided.

## FACTS AS TO PLAINTIFF KATY POLANCO

33.     Plaintiff Katy Polanco ("Polanco") accepted employment and worked for Defendants performing basic bookkeeping functions from February 18, 2019 until July 7, 2020.  Polanco's job duties included no managerial duties and consisted of administrative tasks.

34.     Polanco was paid a first from Defendant Mike the Mechanic - Kennesaw, Inc., and then was paid from Defendant Mike the Mechanic - Towne Lake, Inc.

35.     Polanco performed services for the Defendants at both the Kennesaw, Townlake.

36.     Polanco is considered a non-exempt employee under the Fair Labor Standards Act.

37.     Polanco's salary during her employment was $45,000.00 per year. Polanco's work schedule was 45 hours per week, plus every other

Saturday she was required to work 6 hours a day.  The overtime hours she is entitled to be paid for totals $18,818.90. Defendant deliberately refused to pay Polanco her overtime pay for those hours over forty per week.

38.   Defendants compensated Polanco on a salary basis for all hours worked, regardless of the number of hours worked. This practice did not satisfy the Defendants' overtime obligations to Polanco.

39.   Polanco has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

40.   Polanco has retained the services of the undersigned and is obligated to pay for the legal services provided.

## **FACTS AS TO PLAINTIFF ELIZABETH POWERS**

41.   Plaintiff Elizabeth Powers ("Powers") accepted employment and worked for Defendants performing bookkeeping and administrative from December 2018 until May 15, 2020. Powers' job duties included no managerial duties and consisted of administrative tasks.

42.   Powers is considered a non-exempt employee under the Fair Labor Standards Act.

43.   Powers' salary during her employment was $45,000.00 per year. Powers' work schedule was 45 hours per week, plus every other

Saturday she was required to work 6 hours a day. The overtime hours she is entitled to be paid for totals $22,033.55. Defendant deliberately refused to pay Powers her overtime pay for those hours over forty per week.

44.     Defendants compensated Powers on a salary basis for all hours worked, regardless of the number of hours worked. This practice did not satisfy the Defendants' overtime obligations to Powers.

45.     Powers has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

46.     Powers has retained the services of the undersigned and is obligated to pay for the legal services provided.

## FACTS AS TO PLAINTIFF WILLIAM STOVER

43.     Plaintiff William Stover ("Stover") accepted employment and worked for Defendants performing cleaning and general laborer duties from June 1, 2019 until May 1, 2020. Stover's job duties included no managerial duties and consisted of administrative tasks. Stover worked at and was paid by both the Woodstock and Barrett Parkway stores.

44.     Stover is considered a non-exempt employee under the Fair Labor Standards Act.

45.     Stover's salary during his employment was $13.00 per hour. Stover's

work schedule was 45 hours per week. The overtime hours he is entitled to be paid for totals $1560.00. Defendant deliberately refused to pay Stover his overtime pay for those hours over forty per week.

46.  Defendants further deducted an hour a day for "lunch hour" but he was never allowed to take lunch breaks.

47.  Stover has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

48.  Stover has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

47.  Plaintiff realleges paragraphs 1- 46 herein.

48.  Defendants violations of the FLSA were willful.

49.  Defendants never posted any signs, posters, or other information available to the Plaintiffs over their legal rights to receive overtime pay.

50.  Defendants violations of the FLSA were not based on good faith.

51.  Plaintiffs allege this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

52.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

## JOINT LIABILITY OF DEFENDANTS AND INDIVDUAL LIABILTY OF MICHAEL E. PECORARO

53.     Plaintiff realleges paragraphs 1- 52 herein.

54.     All the corporate defendants are solely owned by Defendant Michael Pecoraro.

55.     Michael E. Pecoraro and he controls all decision making for the corporate Defendants. Michael E. Pecoraro is solely responsible for the hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions for all the corporate Defendants.

56.     The corporate defendants function primarily for the personal benefit of Michael E. Pecoraro and Michael E. Pecoraro has ultimate decision power over all corporate decisions.

57.     Michael E. Pecoraro serves and has always served as the CEO, CFO and Secretary of all the corporate Defendants.

58.     The corporate Defendants shared employees, payroll, advertising,

management, and were all economically dependent on each other.

59.     The Plaintiffs often performed duties at the different corporate

locations and were paid from them.

60.     Michael E. Pecoraro is a joint employer, along with all the

Corporate Defendants, of the Plaintiffs.

61.     As joint employers all the Defendants are jointly and severably

liable for the damages and other amounts owed to the Plaintiffs.

WHEREFORE, Plaintiff prays for the following relief:

1.     That process issue against Defendant and that the Defendant be required
to answer within the time period provided by applicable law;

2.     that Plaintiffs be awarded damages in the amount of their unpaid wages
and overtime, and an additional amount as liquidated damages pursuant to 29 U.S.C.
§216(b), and/or prejudgment interest;

3.     that Defendant be required to pay Plaintiff's attorneys' fees;

4.     that Defendant be required to pay the costs and expenses of this action;

5.     that Plaintiffs be granted such other, further and general relief to which
they may show themselves entitled; and

6.     that a jury be impaneled to hear this cause of action at trial.

Respectfully submitted,

/s/ William Gregory Dobson
William Gregory Dobson, Esq.
Georgia Bar No.: 237770
Lober & Dobson, LLC
830 Mulberry Street, Suite 201
Macon, Georgia 31201
(478) 745-7700
wgd@lddlawyers.com

/s/ A. Danielle McBride
A. Danielle McBride
Georgia Bar No.800824
Lober & Dobson, LLC
830 Mulberry Street, Suite 201
Macon, Georgia 31201
(478) 745-7700
admcbride@lddlawyers.com

/s/ Michael J. Lober
Michael J. Lober
Georgia Bar No.455580
Lober & Dobson, LLC
1197 Canton Street
Roswell, Georgia 30075
 (770) 741-0700
 mjlober@lddlawyers.com